Filed 4/13/26  P. v. Hamon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085106 |
| v. | (Super.Ct.No. BAF2400896) |
| BRYAN JAMES HAMON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Otis Sterling III, Judge.

Affirmed in part; reversed in part with directions.

Ryan Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance W. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Bryan James Hamon appeals the judgment of the Riverside County Superior Court. He argues, and the People concede, that reversal of the conviction on one of the counts is called for because there is a reasonable probability that one of defendant's acts improperly formed the basis of two convictions. We agree.

## BACKGROUND

During an argument, defendant threw rocks at his girlfriend (the victim) causing a laceration on her forehead.

Defendant was charged with assault with a deadly weapon other than a firearm (Pen. Code, § 245, subd. (a)(1), count 1)[1]; willful infliction of corporal injury resulting in a traumatic condition upon specific classes of victims, including a present or former dating partner (§ 273.5, subds. (a) & (b)(3), count 2) often referred to herein as "injuring a dating partner"; and, assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 3). The information also included allegations in each count that, during the commission of the offenses, defendant personally inflicted great bodily injury on the victim (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)).

As to count 1, the jury found defendant not guilty of assault with a deadly weapon, but found him guilty of the lesser included offense of simple battery (§ 242) and found him guilty of injuring a dating partner (count 2). As to count 3, the jury found defendant not guilty of assault by means of force to cause great bodily injury but found him guilty of the lesser included offense of simple assault. As to all counts, the jury found that

---

[1] All further statutory references are to the Penal Code.

2

defendant did not personally inflict great bodily injury on the victim.  The trial court sentenced defendant to three years of formal probation, ordered him to enroll in a 52-week domestic violence program, and ordered him to pay various fees.

## DISCUSSION

On appeal, defendant argues that his conviction for injuring a dating partner (count 2) and the simple assault conviction (count 3) are based upon the same conduct and, because the latter is a lesser included offense of former, he cannot be convicted of both.  (*People v. Serrano* (2022) 77 Cal.App.5th 902, 919 [simple assault is a necessarily included offense of infliction of a corporal injury (§ 273.5)].)

Here, it is reasonably probable that the jury's conviction of defendant for injuring a dating partner and the simple assault conviction are based on the same act, that is, the act of defendant throwing a rock that hit the victim on the head and caused an injury.  For one thing, there is no suggestion in the record that the victim suffered any injury other than the one caused by getting hit with a rock on the forehead.

Too, during closing arguments, although the People mentioned that defendant had thrown "rocks" at the victim, they spoke of a single rock when describing the elements of the crimes.  For example:

(i) In speaking to the jury about count 1, the People mentioned, "throwing a rock at someone's head" is an act using a deadly weapon"; "[h]e threw the rock on purpose"; "[h]e threw the rock"; "[h]e was able to throw the rock"; "[a]nd he was able to … apply force with that rock."

3

(ii) When addressing count 2: "[W]e know that [defendant] inflicted a physical injury because when he threw a rock at her head, it caused a laceration"; the "laceration qualifies as a wound … caused by [defendant] throwing a rock at her."

(iii) As to count 3: "When you throw a rock at someone, it would directly and probably result in that rock hitting someone"; "[t]hrowing a rock at someone's head with enough force to cause a … laceration …, that was enough force that it was likely to cause great bodily injury"; "[w]hen he threw that rock, a reasonable person would realize that that action would directly and probably result in that person getting hit with a rock".

We note as well that the jury was not advised that they could not convict defendant of both injuring a dating partner and a simple assault based on the same act.

In view of the People's arguments and the lack of instruction to the jury, it is reasonably probable that the same act formed the basis for defendant's conviction for infliction of a corporal injury as well as the simple assault conviction. Accordingly, we reverse the simple assault conviction. (*People v. Cole* 1982) 31 Cal.3d 568, 582 [if the evidence supported the verdict as to a greater offense then the conviction on that offense is controlling and the conviction on the lesser offense must be reversed].)

## DISPOSITION

The conviction for simple assault in count 3 is reversed and the remaining convictions are affirmed.  The matter is remanded to the trial court for resentencing consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:


MCKINSTER

J.


FIELDS

J.